**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

---

Shannon Overen, as mother and
natural guardian for minor, A.G.,

        Plaintiff,

                                      Civ. No. 07-1430 (RHK/JSM)
                                      **MEMORANDUM OPINION
                                      AND ORDER**

v.

Hasbro, Inc., a Rhode Island
corporation,

        Defendant.

---

Stuart L. Goldenberg, Goldenberg & Johnson, PLLC, Minneapolis, Minnesota, for
Plaintiff.

Patrick D. Reilly, Kristy A. Saum, Erstad & Riemer, P.A., Minneapolis, Minnesota for
Defendant.

---

**INTRODUCTION**

Plaintiff Shannon Overen filed this products-liability action on behalf of her daughter, A.G., against Defendant Hasbro, Inc. ("Hasbro"), after her daughter's hand allegedly became trapped and seriously burned inside an Easy-Bake Oven manufactured by Hasbro.  Plaintiff has alleged, among other claims, that Hasbro violated certain Minnesota consumer protection statutes and the reporting requirements of the Consumer Product Safety Act, 16 C.F.R. pt. 1115.  Hasbro has moved for judgment on the pleadings as to these claims.  For the reasons set forth below, the Court will grant Hasbro's Motion.

## BACKGROUND

On December 16, 2006, Plaintiff's daughter, A.G., was injured when her left hand became trapped and seriously burned inside a Model 65805 Easy-Bake Oven. (Compl. at 2.) Plaintiff filed this products-liability action in Minnesota state court, which Hasbro removed to this Court.

Plaintiff has alleged several claims against Hasbro: negligence (Count One), strict liability (Count Two), breach of express warranties (Count Three), breach of implied warranties (Count Four), false representation (Count Five), violation of the Minnesota False Advertising Act (Minn. Stat. § 325F.67) (Count Six), violation of the Minnesota Consumer Fraud Act (Minn. Stat §§ 325F.68, 325F.69) (Count Seven), and violation of the United States Consumer Product Safety Act Reporting Requirement (16 C.F.R. pt. 1115) (Count Eight). (See Compl. at 2-8.)

Hasbro now seeks judgment on the pleadings as to Counts Six, Seven, and Eight in the Complaint.

## STANDARD OF DECISION

The Court reviews a motion for judgment on the pleadings under the same standard as a motion to dismiss under Rule 12(b)(6). Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir.1990). However, the Supreme Court recently altered the legal landscape for evaluating a motion to dismiss. Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955 (2007).

To avoid dismissal under Rule 12(b)(6), a complaint must include "enough facts to state a claim to relief that is plausible on its face." Id. at 1974. While Rule 8 of the

Federal Rules of Civil Procedure does not require the pleading of "detailed factual allegations," a plaintiff nevertheless must plead sufficient facts "to provide the 'grounds' of his 'entitle[ment] to relief,' [which] requires more than labels and conclusions, and [for which] a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65 (citation omitted).  Thus, a complaint cannot simply "le[ave] open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery." Id. at 1968 (citation omitted).  Rather, the facts set forth in the complaint must be sufficient to "nudge the[] claims across the line from conceivable to plausible." Id. at 1974.  When a court reviews a motion to dismiss, the complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor.  Id. at 1964-65.  A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the factual allegations contained therein.  Id.  Accordingly, a well-pleaded complaint will survive a motion to dismiss "'even if it appears that a recovery is very remote and unlikely.'"  Id. at 1965 (citation omitted).

## ANALYSIS

Hasbro has moved for judgment on the pleadings on Counts Six, Seven, and Eight of Plaintiff's Complaint.  Plaintiff concedes that the Court should dismiss Count Eight of

3

her Complaint.[1] (Pl.'s Opp'n Mem at 9.) Thus, the Court need only address whether Hasbro is entitled to judgment on the pleadings as to Counts Six and Seven.

## I.     Counts Six and Seven of Plaintiff's Complaint Fail as a Matter of Law

Count Six of Plaintiff's Complaint alleges that Hasbro's advertisements for the Easy-Bake Oven contained false statements and misrepresentations, which led to Plaintiff's injury and violated Minnesota Statute Section 325F.67 (False Advertising Act). (Compl. at 6.) Count Seven alleges that Hasbro made false and misleading statements regarding the Easy-Bake Oven and sold it under the pretense that it was safe to use by children under parental supervision, which led to Plaintiff's injury and violated Minnesota Statute Section 325F.69 (Consumer Fraud Act). (Id. at 6-7.) In both Counts, Plaintiff seeks costs, disbursements, and attorney's fees. (Id.)

Under Minnesota law, the attorney general has the authority to prosecute consumer fraud and similar statutory violations by seeking injunctive relief and civil penalties. Minn. Stat. § 8.31, subd. 1. In limited circumstances, however, private remedies may be available to individuals, through the Private Attorney General Statute ("Private AG Statute"). Id. at subd. 3a. The Private AG Statute provides for recovery of attorney's fees and other costs in statutory consumer-fraud actions. An individual who pursues a claim as a "private" attorney general must assume the role and duties of the attorney general position as it relates to the enforcement of the law. See Ly v. Nystrom, 615 N.W.2d 302, 313 (Minn. 2000) (stating that "the sweep of the [Private AG] statute

---

[1] Plaintiff, however, argues that she should be able to use the U.S. Consumer Product Safety Act as a standard of care. The issue of the appropriate standard of care is not before the Court on this Motion, and therefore it will not be addressed.

can be no broader than the source of its authority -- that of the attorney general -- whose duties are to protect *public* rights in the interest of the state."). Thus, individuals who bring a cause of action pursuant to the Private AG Statute must show that the action is brought to benefit the public. Id. at 314.

Hasbro argues that Plaintiff cannot show a public benefit and in support relies on two decisions of this Court: Pecarina v. Tokai Corp., No. 01-1655, 2002 WL 1023153, at *5 (D. Minn. May 20, 2002) (Montgomery, J.) (dismissing the plaintiffs' claims under the Consumer Fraud Act and False Advertising Act because the plaintiffs were merely seeking damages for their son's personal injury, and therefore such damages did not benefit the public), and Behrens v. United Vaccines, Inc., 228 F. Supp. 2d 965, 971-72 (D. Minn. 2002) (Erickson, M.J.) (following Pecarina and dismissing the plaintiffs' claim under the Minnesota Consumer Fraud Act because the plaintiffs only sought damages to their personal business).

Plaintiff relies on Collins v. Minnesota School of Business, Inc., 655 N.W.2d 320 (Minn. 2003), for support that her claims serve a public benefit. In Collins, a group of students sued their school for damages arising from their enrollment in a sports-medicine technician program, in which they claimed the school induced them to enroll in that program by a false and misleading advertisement. Id. at 322. The parties settled the case, and the plaintiffs then sought an award of costs and fees, including attorney's fees, under the Private AG Act. Id. at 323. The Minnesota Supreme Court held that the former students were entitled to attorney's fees under the Private AG Statute for their

5

false advertising and consumer fraud claims because the school had made misrepresentations to the public at large. Id. at 329-30.

Plaintiff argues that, like Collins, her claims serve a public benefit because Hasbro misrepresented the safety of the Easy-Bake Oven to the public at large and hundreds of thousands of children will continue to be exposed to the entrapment-and-burn hazard posed by the defective product unless Hasbro initiates a far more aggressive recall campaign to retrieve the remaining toys from the public.[2] (Pl.'s Opp'n Mem at 8-9.)

"To determine whether a lawsuit is brought for the public benefit the Court must examine not only the form of the alleged misrepresentation, but also the relief sought by the plaintiff." Zutz v. Case Corp., No. Civ. 02-1776, 2003 WL 22848943, at *4 (D. Minn. Nov. 21, 2003) (Magnuson, J.). The Court finds that this case is more like the facts in Pecarina than the facts in Collins. In Pecarina, the plaintiffs alleged that their son's injuries were caused by a non-child-resistant cigarette lighter. 2002 WL 1023153, at *3. The plaintiffs filed claims for negligence, strict liability, breach of warranty, duty

---

[2] To support these arguments, Plaintiff has submitted a number of exhibits, including news articles from various sources, discussing the history of the Easy-Bake Oven models, the recalls that were issued for it, and the reports of children getting their hands and fingers caught in the oven's opening, many of whom suffered serious burns. (See Goldenberg Aff. Exs. 1-4.)

Yet, Rule 12(c) of the Federal Rules of Civil Procedure provides that if, on a motion for judgment on the pleadings, "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Fed. R. Civ. P. 12(c).

Here, the exhibits submitted by Plaintiff were not attached to the Complaint or any other pleadings in this action, but were merely supplied to the Court in response to Hasbro's Motion. At this early stage in the litigation, the Court will not take into account the outside evidence submitted by Plaintiff and convert the Motion into a motion for summary judgment, but instead will treat the Motion as a motion for judgment on the pleadings, as filed by Hasbro.

6

to warn, and violations of the Minnesota Consumer Fraud Act and False Advertising Act. Id. at *1.  The court dismissed the plaintiffs' claims under the Consumer Fraud Act and False Advertising Act because the plaintiffs had failed to demonstrate that such claims were brought for the public benefit.  Id. at *5.  The court reasoned that even though the plaintiffs' claims centered on an allegedly defective lighter that was mass-produced and mass-marketed, the plaintiffs were merely seeking monetary damages for their son's personal injury, including past and future medical expenses, pain and suffering, wage loss, and emotional distress.  The Court found that "[s]uch damages do not benefit the public."  Id.

Likewise, the essence of Plaintiff's lawsuit here is to compensate her for her daughter's personal injury.  Indeed, Plaintiff's claim for relief merely seeks money damages for "past, present, and future economic expenditures, pain, suffering, and disfigurement . . . in connection with Hasbro, Inc.'s defective Easy-Bake Oven."  (See Compl. at 8.)  The Court finds that such damages do not serve a public benefit, but simply provide an exclusive remedy for Plaintiff.  In requiring a public benefit, the Minnesota Supreme Court reasoned, in part, as follows:

> [T]he legislature could not have intended to sweep every private dispute based on fraud, and falling within the [Consumer Fraud Act], into a statute where attorney fees and additional costs and expenses would be awarded, because to do so would substantially alter a fundamental principle of law deeply ingrained in our common law jurisprudence -- that each party bears his own attorney fees in the absence of a statutory or contractual exception.

Ly, 615 N.W.2d at 314.  Thus, "[w]here recovery is sought for the exclusive benefit of the plaintiff, there is no public benefit."  Zutz, 2003 WL 22848943, at *4.

7

In response, Plaintiff contends that the advertising materials at issue in this case were held out to the public at large and that there is a public benefit to advocating the safety of children. (Pl.'s Opp'n Mem. at 9.) But, the product at issue in this case is no longer being sold, and the advertising used to support that product is likewise no longer being used. (Pl.'s Opp'n Mem. at 4.) Notably, Plaintiff is not seeking any sort of injunctive relief that would alter the practices or actions of Hasbro such that it would serve a public benefit. Indeed, Plaintiff is merely seeking money damages. Accordingly, the Court will dismiss Plaintiff's claims under the Consumer Fraud Act and the False Advertising Act because she has failed to demonstrate that her suit was brought to benefit the public.

## CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Defendant's Motion for Judgment on the Pleadings (Doc. No. 9) is **GRANTED** as follows:

1. Counts Six and Seven of Plaintiff's Complaint are **DISMISSED WITHOUT PREJUDICE**; and

2. Count Eight of Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

Date: September 12, 2007

s/Richard H. Kyle
RICHARD H. KYLE
United States District Judge